IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROLINE BEHREND, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COMCAST CORPORATION, et al. | : | NO. 03-6604 |
| JACK ROGERS, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COMCAST CORPORATION, et al. | : | NO. 07-218 |
| MARTHA KRISTIAN, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COMCAST CORPORATION, et al. | : | NO. 07-219 |

**ORDER - MEMORANDUM**

    **AND NOW**, this      day of September, 2007, **IT IS HEREBY ORDERED** that:

1.    The Court's Order of August 31, 2007 is **VACATED**.

2.    The Defendants' Motion for Leave to File a Reply Memorandum (Docket Entries 03-6604, No. 227; 07-218, No. 14) is **GRANTED.**

3.    The Defendants' Motion Pursuant to 28 U.S.C. § 1292(b) to Certify Question (Docket Entries 03-6604, No. 224; 07-218, No. 11) is **DENIED**.

On August 15, 2007, Defendant Comcast Corporation filed a motion pursuant to 28 U.S.C. § 1292(b) to certify for interlocutory appeal the Court's Order of July 31, 2007, which denied Comcast's motion for judgment on the pleadings in the Philadelphia / Chicago action, and its motion to dismiss the Boston action. On September 4, 2007, the Court entered an Order denying the § 1292(b) motion. The September 4, 2007 Order was entered before the Court received Comcast's motion for leave to file a reply brief. For the reasons that follow, we vacate our order of September 4, 2007, but conclude anew that the motion to certify an interlocutory appeal must be denied.

Under 28 U.S.C. § 1292(b), an otherwise non-appealable order may be certified for immediate interlocutory appeal where: 1) the decision involves a controlling question of law; 2) there is substantial ground for difference of opinion with respect to that question; and 3) immediate appeal may materially advance the ultimate termination of the litigation. See Zenith Radio Corp. v. Matsushita Elec. Indus. Co., 478 F. Supp. 889, 943 (E.D. Pa. 1979) order vacated on other grounds, 631 F.2d 1069 (3d Cir. 1980) (quoting 28 U.S.C. § 1292(b)). The decision to certify an order for appeal under § 1292(b) lies within the sound discretion of the trial court. Fox v. Horn, Civ. A. No. 98-5299, 2000 U.S. Dist. LEXIS 3106, at *3 (E.D. Pa. Mar. 13, 2000). Certification is only appropriate in "exceptional" cases. Thornbury Noble, Ltd. v. Thornbury Twp., Civ. A. No. 99-6460, 2002 U.S. Dist. LEXIS 4698, at *60 (E.D. Pa. Mar. 20, 2002) (citing Piazza v. Major League Baseball, 836 F. Supp. 269, 270 (E.D. Pa. 1993). In exercising our discretion, we must be mindful of the strong policy against piecemeal appeals. Orson, Inc. v. Miramax Film Corp., 867 F. Supp. 319, 321 (E.D. Pa. 1994) (citing Piazza, 836 F. Supp. at 270). In evaluating these factors, "the court must remember that . . . [a] motion should not be granted merely because a party disagrees with the ruling of the district judge." Max Daetwyler Corp. v. Meyer, 575 F. Supp. 280, 282 (E.D. Pa. 1983);

see also United States v. Grand Trunk Western R. R. Co., 95 F.R.D. 463, 471 (W.D. Mich. 1981) (denying certification because the moving party "merely questions the correctness" of the court's ruling). Rather, the party seeking certification has the burden of "establishing that exceptional circumstances warrant departure from the general policy against piecemeal litigation and in favor of postponing appellate review until after the entry of final judgment." Weaver v. Mobile Diagnostech, Inc., Civ. A. No. 02-1719, 2007 WL 2463411, *2 (W.D. Pa. Aug. 28, 2007).

Our July 31, 2007 Order applied the recently announced standard of Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007), to find that the Philadelphia/Chicago and Boston Complaints alleged facts sufficient to show an "agreement" was made to impose horizontal market divisions in violation of section 1 of the Sherman Act, and sufficiently alleged attempted monopolization claims under section 2 of the Sherman Act. While we improperly characterized Defendants' argument in its moving brief as a concession that interlocutory review would only encompass the section § 1 claims,[1] we must again conclude that Comcast has failed to meet its burden of showing that our application of Twombly qualifies as an "exceptional" case sufficient to overcome the policy against

---

[1] Comcast, in its opening brief, stated:
> on remand from the Third Circuit, the scope of the remaining Philadelphia cluster case would be dramatically curtailed, leaving to be decided Section 2 claims premised upon conduct allegedly directed against RCN, an overbuilder present in only a fraction of the putative Philadelphia cluster. The claims asserted in the Boston case would also be subject to dismissal on the same ground.

(Def. Mem. 2-3). It was on the basis of this language, as emphasized by the Plaintiffs' in their responsive pleading, that the Court originally determined that Comcast had failed to state a controlling question of law because a substantial portion of the claims would remain unresolved by the interlocutory appeal. See Piazza v. Major League Baseball, 836 F. Supp. 269, 271 (E.D. Pa. 1993) (noting that courts should be "particularly cautious" in certifying a controlling issue as to only one count of a multi-count complaint). In its Reply Brief, Comcast persuasively argues that the scope of an interlocutory appeal would encompass the majority of claims contained in the Complaint. (Def. Reply Mem. 3-5.)

piecemeal appeals.

A "controlling question of law" is one that "would result in a reversal of a judgment after final hearing." Katz v. Carte Blanche Corp., 496 F.2d 747, 755 (3d Cir. 1974). The emphasis is on whether a different resolution of the issue would eliminate the need for trial. FDIC v. Parkway Exec. Office Ctr., Civ. A. No. 96-122, 1997 U.S. Dist. LEXIS 14939, at *7 (E.D. Pa. Sept. 24, 1997). As we stated in addressing an earlier motion in this matter to certify an interlocutory appeal, "[s]ubstantial grounds for difference of opinion [on a controlling question of law] exist when there is genuine doubt or conflicting precedent as to the correct legal standard." Glaberson v. Comcast Corp., Civ. A. 03-6604, 2006 WL 3762028, at *13 (E.D. Pa. Dec. 19, 2006). Comcast does not argue that there is a genuine doubt that Twombly was the correct legal standard. Rather, it seeks to immediately appeal our application of that standard, arguing that the Plaintiffs' two Complaints only make repeated bald allegations that the swap transactions eliminated competition and removed actual and potential competitors without providing the necessary factual averments in support of those conclusory allegations. (Def. Reply Mem. at 5-6.) Our original decision rejected this argument, finding that the facts actually pled in the Philadelphia/Chicago and Boston Complaints contained sufficient averments to constitute notice to Comcast of the legal claims asserted, and contained a statement of the elements of those claims, along with allegations of the defendant's underlying conduct that, if proven, would plausibly demonstrate those elements. Specifically, our decision accepted as well-pled allegations that, following the acquisition of small competing systems by both Comcast and AT&T Broadband, Comcast entered into actual agreements to swap its Chicago-area subscribers for AT&T Broadband's Philadelphia-area subscribers, removing AT&T Broadband as a competitor in the Philadelphia market and Comcast in the Chicago market. Behrend v. Comcast

Corp., Civ. A. 03-6604, 2007 WL 2221415, *5 (E.D. Pa. July 31, 2007). We determined that these facts adequately stated a claim under § 1 of the Sherman Act based upon an agreed division of markets between competitors in order to suppress competition. Id. We also found these factual allegations were sufficient to state a claim of attempted monopolization under § 2 of the Sherman Act.[2] Id. These findings are the type that district courts routinely make in adjudicating motions to dismiss complaints for failure to state claims upon which relief may be granted. Although the legal precedent the Court applied was newly restated by the Supreme Court, the task of distinguishing between well pled facts and conclusory allegations was not thereby made "exceptional" so as to overcome the policy against piecemeal appeals, particularly where, as here, the Plaintiffs alleged actual agreements, not merely parallel conduct, as the basis of their claims. See id. (distinguishing between the allegations of parallel conduct at issue in Twombly and allegations here of actual agreements between Comcast and its competitors).

BY THE COURT:

/s/ John R. Padova

---

John R. Padova, J.

---

[2] In reaching our determination, we rejected Comcast's construction of the Plaintiffs' Complaints that, because the small competing cable operators were granted franchises by municipalities and no acquired operator actually or potentially competed with Comcast within the designated franchises, there was a lack of any allegation of actual or potential competition. While Comcast contended that Twombly mandated that allegations of merely potential competition were insufficient to state an antitrust claim because the mere potentiality of competition may give rise to non-plausible inferences, we found no cause to conclude that the Supreme Court in deciding Twombly – a case addressing a Sherman Act § 1 liability theory – intended to alter its decisions in United States v. Falstaff Brewing Corp., 410 U.S. 526 (1973) and United States v. Marine Bancorporation, 418 U.S. 602 (1974), recognizing potential competition as a viable theory of liability under § 2 of the Sherman Act. Behrend at *5, n.7.