IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROLINE BEHREND, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COMCAST CORPORATION, et al. | : | NO. 03-6604 |

## ORDER

**AND NOW**, this 3rd day of December, 2007, upon consideration of the Plaintiffs' Motion to Compel Comcast to Preserve Documents, to Produce Documents and to Serve a Privilege Log (Docket Entry No. 233), all responses thereto, and arguments presented at the Court's conference of November 5, 2007, **IT IS HEREBY ORDERED** that:

1. The Motion to Compel is **GRANTED** as follows and Defendants shall produce documents responsive to:

    a. Request Nos. 8 - 10 of Plaintiffs' First Set of Merits Document Requests within the time frame of January 1, 1997 to present.

    b. Request No. 25 of Plaintiffs' First Set of Merits Document Requests within the time frame of January 1, 1997 to present.

    c. Request Nos. 34 - 36 of Plaintiffs' First Set of Merits Document Requests within the time frame of January 1, 1997 to present.

    d. Request No. 41 of Plaintiffs' First Set of Merits Document Requests within the time frame of January 1, 1997 to present, except insofar as the term "multichannel video programming distributor or cable services provider" includes satellite or broad band providers.

    e. Request Nos. 47 - 48 of Plaintiffs' First Set of Merits Document Requests

within the time frame of January 1, 1997 to present.[1]

---

[1] Pretrial discovery is governed by Fed. R. Civ. P. 26(b) and is "accorded a broad and liberal treatment." Hickman v. Taylor, 329 U.S. 495, 507 (1947). "[T]he court should and ordinarily does interpret 'relevant' [as used in Rule 26(b)] very broadly to mean matter that is relevant to anything that is or may become an issue in the litigation." Oppenheimer Fund v. Sanders, 437 U.S. 340, 351 n.12 (1978) (quoting 4 J. Moore, Federal Practice ¶ 26.56 [1], p. 26-131 n. 34 (2d ed. 1976)). If no claim of privilege applies, a non-party can be compelled to produce any matter "relevant to the subject matter involved in the pending action" or "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

We find that Request Nos. 8 - 10, 41, 47 and 48 seek discovery that is relevant or reasonably calculated to lead to the discovery of admissible evidence. We agree with the Class that swap transaction documents and analyses that relate solely to non-cluster transactions are discoverable under Rule 26. The Class alleges that Comcast's market allocation strategy was not limited to or defined by the Philadelphia and Chicago markets. Comcast's business rationale for participating in transactions involving non-cluster cable assets is relevant to the alleged anticompetitive cluster building activity because, if the Class's theory is correct, Comcast used its acquisition of non-cluster assets to further its monopolistic conduct. Its business rationale for acquiring non-cluster assets, therefore, is relevant or will lead to the discovery of admissible evidence of its alleged monopolistic behavior.

The Class argues that Comcast should be required to produce documents dating back to January 1, 1996. We find the proper time frame for the document production should be January 1, 1997 to present. This date provides a sufficient period in advance of the approximate time the Class can identify as the start of Comcast's alleged monopolistic activities – specifically, the announcement of the acquisition of Marcus Cable on December 5, 1997 – to give the Class a clear understanding of Comcast's business strategy in entering into the transaction. While this period pre-dates the limitations period, courts routinely recognize that evidence pre-dating the limitations period is discoverable because it may lead to admissible evidence of design, pattern or intent regarding the alleged conspiracy. See F.T.C. v. Lukens Steel Co., 444 F. Supp. 803, 806 (D.D.C. 1977) (permitting discovery of documents that pre-dated events by twelve years where agency demonstrated relevancy); Kellam Energy, Inc. v. Duncan, Inc., 616 F. Supp. 215, 218 (D. Del. 1985) (permitting discovery extending five years prior to expiration of limitations period); Wilder Enterprises, Inc. V. Allied Artists Picture Corp., 632 F.2d 1135, 1143 (4th Cir. 1980) (finding reversible error in trial court's refusal to permit discovery into pre-limitations period conduct that allegedly was part of antitrust conspiracy); see also Oppenheimer Fund, 437 U.S. at 352 (holding that "it is proper to deny discovery of matter that is relevant only to claims or defenses that have been stricken, or to events that occurred before an applicable limitations period, *unless the information sought is otherwise relevant to issues in the case.*") (emphasis added).

The Class also seeks to discovery "with respect to any Comcast franchise area, regardless of location and time period, within which Comcast and another multichannel video programming distributor or cable service provider operates . . . any and all documents evidencing Comcast's cable service prices" and any document comparing Comcast's prices against the other provider's. We find that this request is over broad. The term "multichannel video programming distributor" could include satellite as well as broadband providers that are not connected to the class allegations. To the extent the Class's document production request seeks pricing information on satellite and

2. The Motion, insofar as it seeks to compel Comcast to preserve documents and serve a privilege log is **GRANTED**.

3. Plaintiffs' Motion to Expedite (Docket Entry No. 236) is **DENIED AS MOOT**.

4. Plaintiffs' Motion for Leave to File a Reply Brief (Docket Entry No. 239) is **GRANTED.**

5. Plaintiffs' Motion for Leave to File a Reply Brief (Docket Entry No. 245) is **GRANTED.**

BY THE COURT:

S/John R. Padova

_____
John R. Padova, J.

---

broadband providers, we agree with Comcast that it is outside the scope of Rule 26(b). The Class allegations concern only monopolization of the market for enhanced basic cable services. This definition excludes from the relevant product market satellite and broadband services. The balance of the request for pricing data is reasonably calculated to lead to the discovery of admissible evidence of Comcast's pricing policies within the clusters.

We also agree with the Class that all documents relating to Comcast's memberships in any trade association or industry group are discoverable, including agendas, minutes, notes, attendance lists, expense reports, handouts or correspondence relating to such groups. Comcast's continued objection goes to trade and industry association material concerning only regions other than the Philadelphia and Chicago clusters, that are specific to those regions (i.e., not national in scope). We overrule this objection and find that such information may lead to admissible evidence of conduct within the clusters and is discoverable on that basis.

For these same reasons, we overrule Comcast's objections to Document Request No. 25, related to RCN Telecom Services, Inc., and Document Request Nos. 34 - 36 related to regulatory and government documents.