IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROLINE BEHREND, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COMCAST CORPORATION, et al. | : | NO. 03-6604 |

**AMENDED ORDER**

**AND NOW**, this 13th day of January, 2010, upon consideration of Plaintiffs' Amended Motion for Certification of the Philadelphia Class (Docket Entry 330), all responses thereto, the testimony heard by the Court, and the arguments of counsel, including the letters of counsel dated January 12, 2010, **IT IS HEREBY ORDERED** that the Court's Order of January 7, 2010 (Docket Entry 430) is **VACATED**. In its stead, **IT IS HEREBY ORDERED** as follows:

1. On May 3, 2007, the Court granted Plaintiffs' motion for certification of the Philadelphia class.

2. On March 30, 2009, following the decision of the United States Court of Appeals for the Third Circuit in In re Hydrogen Peroxide Antitrust Litigation, 552 F.3d 305 (3d Cir. 2008), the Court granted Comcast's motion to reconsider the certification decision. Plaintiffs filed an Amended Motion for Class Certification.

3. The only class certification element that remained in dispute was the requirement of Fed. R. Civ. P. 23(b)(2) that common issues of law and fact predominate. In our May 3, 2007 certification decision, the Court determined that the Rule 23(a) requirements of numerosity, commonality, typicality, and adequacy had been satisfied by the Class and that the Class satisfied the Rule 23(b)(3) requirement of superiority. The Court reaffirms and hereby incorporates those findings.

4.  Pursuant to Rule 23(b)(3), the Court finds that the Class has demonstrated by a preponderance of the evidence that questions of law and fact common to the members of the class predominate over any question affecting individual members of the class.

5.  The Court finds that the Class has demonstrated by a preponderance of the evidence that the appropriate relevant geographic market can be the Philadelphia Designated Marketing Area ("DMA") and that this geographic market definition is susceptible to proof at trial through available evidence common to the class.

6.  The Court finds that the Class has demonstrated by a preponderance of the evidence that antitrust impact or injury is subject to proof at trial through available evidence common to the class on one of Plaintiffs' theories of antitrust impact; namely that antitrust impact, if any, of Comcast's clustering through the challenged swaps and acquisitions on overbuilder competition is capable of proof at trial through evidence that is common to the class.

7.  The Court finds that the Class has demonstrated by a preponderance of the evidence that the model and analyses contained in the expert reports and testimony of Plaintiffs' expert, Dr. James McClave, are common evidence available to measure and quantify damages on a class wide basis.

8.  The Court finds that the Class has demonstrated by a preponderance of the evidence that it can seek to establish the antitrust impact element of its claims that Comcast has violated §§ 1 and 2 of the Sherman Act through common evidence of antitrust impact applicable to all class members.

9.  Plaintiffs' Amended Motion for Certification of the Philadelphia Class is again **GRANTED**.

10. The Court **CERTIFIES** the following plaintiff class pursuant to Fed. R. Civ. P. 23(a) and

(b)(3):

> All cable television customers who subscribe or subscribed at any time from December 1, 1999 to the present to video programming services (other than solely to basic cable services) from Comcast, or any of its subsidiaries or affiliates in Comcast's Philadelphia cluster. The class excludes governmental entities, Defendants, Defendants' subsidiaries and affiliates and this Court.

For purposes of this class definition, the term "Comcast's Philadelphia cluster" is defined to mean:

> those areas covered by Comcast's cable franchises or any of its subsidiaries or affiliates, located in Philadelphia, Pennsylvania and geographically contiguous areas, or areas in close geographic proximity to Philadelphia, Pennsylvania, which is composed of the areas covered by Comcast's cable franchises, or any of its subsidiaries or affiliates, located in the following counties: Berks, Bucks, Chester, Delaware, Montgomery and Philadelphia, Pennsylvania; Kent and New Castle, Delaware; and Atlantic, Burlington, Camden, Cape May, Cumberland, Gloucester, Mercer and Salem, New Jersey.

11. The Class is certified for resolution of the following claims:

   a. Whether Defendants conspired with competitors, and whether Defendants entered into and implemented agreements with competitors, to allocate markets, territories, and customers for cable television services; and whether such conduct is a per se violation, or whether it constitutes a restraint of trade in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1;

   b. Whether Defendants unlawfully attempted to monopolize, or unlawfully possess and willfully acquired or maintained monopoly power in, the Philadelphia area cable market with respect to cable television services in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2;

    c.    Whether Defendants' acts alleged to violate Sections 1 and 2 of the Sherman Act caused prices for cable television services in the relevant markets to be artificially high and not competitive; and

    d.    Whether Plaintiffs and members of the class were injured by Defendants' alleged conduct in violation of Sections 1 and 2 of the Sherman Act.

Proof of antitrust impact relative to such claims shall be limited to the theory that Comcast engaged in anticompetitive clustering conduct, the effect of which was to deter the entry of overbuilders in the Philadelphia DMA.

12.    The Court's Memorandum dated January 7, 2010 is incorporated herein by reference.

13.    The Class is further certified for resolution of the following issues and affirmative defenses:

    a.    The measure of damages by which Defendants' alleged conduct injured Plaintiffs and members of the Philadelphia Class;

    b.    Whether Plaintiffs and members of the Philadelphia Class are entitled to injunctive relief as a result of Defendants' alleged conduct in violation of the Sherman Act; and

    c.    Whether Affirmative Defenses One through Fourteen asserted in Defendants' Answer and Affirmative Defenses are valid.

14.    Plaintiffs Caroline Behrend and Stanford Glaberson are **APPOINTED** as representatives of the Philadelphia Class.

15.    Pursuant to Fed. R. Civ. P. 23(g), the law firms of Heins Mills & Olson, P.L.C. and Susman Godfrey, L.L.P. are **APPOINTED** Co-Lead Counsel for the Philadelphia Class.

16.    Defendants' Motion for Partial Findings Pursuant to Fed. R. Civ. P. 52(c) (Docket Entry 412) is **DENIED**.

16.      Plaintiffs' Motion to Seal Document (Docket Entry 418) is **GRANTED**.

                            BY THE COURT:

                            /s/ John R. Padova
                            John R. Padova, J.