IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROLINE BEHREND, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 03-6604 |
| ) | |
| COMCAST CORPORATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**NOTICE OF MOTION TO STAY TRIAL AND PRETRIAL PROCEEDINGS**

Defendants Comcast Corporation, Comcast Holdings Corporation, Comcast Cable Communications, Inc., Comcast Cable Communications Holdings, Inc., and Comcast Cable Holdings, LLC (collectively "Comcast") move to stay trial and pretrial proceedings in the above-captioned matter pending resolution of Comcast's appeal to the United States Supreme Court concerning class certification in this case.

The grounds for this Motion are set forth in the accompanying Memorandum of Law.

Dated: July 27, 2012

　　/s/ Darryl J. May　　
Darryl J. May
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
Telephone: (215) 665-8500
Facsimile: (215) 864-8999

Michael P. Carroll
Arthur J. Burke
Dana M. Seshens
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800


Sheron Korpus
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800

*Attorneys for Defendants Comcast Corporation, Comcast Holdings Corporation, Comcast Cable Communications, Inc., Comcast Cable Communications Holdings, Inc., and Comcast Cable Holdings, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROLINE BEHREND, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 03-6604 |
| ) | |
| COMCAST CORPORATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF COMCAST'S
MOTION TO STAY TRIAL AND PRETRIAL PROCEEDINGS**

Defendants Comcast Corporation, Comcast Holdings Corporation, Comcast Cable Communications, Inc., Comcast Cable Communications Holdings, Inc., and Comcast Cable Holdings, LLC (collectively "Comcast") respectfully submit this memorandum of law in support of their motion to stay trial and pretrial proceedings in the above-captioned matter.

On Monday, June 25, 2012, the United States Supreme Court granted Comcast's petition for a writ of certiorari in this case concerning class certification. The matter has been calendared for argument on November 5, 2012, and the Supreme Court ruling may result in the class being vacated or modified. Under these circumstances, the trial currently scheduled to begin on September 5, 2012 should be adjourned, and all related pretrial proceedings should be stayed, until the Supreme Court issues its ruling.[1]

---

[1] The requested stay would not apply to plaintiffs' pending Motion to Enforce Settlement Agreement ("Motion to Enforce"), which is not part of the pretrial proceedings.

## BACKGROUND

Following an evidentiary hearing in the fall of 2009, this Court certified a class of "[a]ll cable television customers who subscribe or subscribed at any time since December 1, 1999 to the present to video programming services (other than solely to basic cable services) from Comcast, or any of its subsidiaries or affiliates in Comcast's Philadelphia cluster." *Behrend v. Comcast Corp.*, 264 F.R.D. 150, 191 (E.D. Pa. Jan. 7, 2010).

Comcast appealed the Court's certification of the Philadelphia class to the Third Circuit, arguing, *inter alia*, that the Court had erred in accepting plaintiffs' proposed methodology for calculating class-wide damages because plaintiffs' model failed to separate out damages purportedly caused by the single theory of antitrust impact deemed viable for trial—overbuilder deterrence. Instead, plaintiffs' proposed damages model calculated damages based on *all* of plaintiffs' antitrust impact theories, including those that had been dismissed from the case. On August 23, 2011, the Third Circuit affirmed the District Court's certification in a 2-1 decision with Judge Jordan dissenting. *Behrend v. Comcast Corp.*, 655 F.3d 182 (3d Cir. 2011).

On January 11, 2012, Comcast filed a petition for a writ of certiorari to the United States Supreme Court, in which Comcast argued, *inter alia*, that the Third Circuit's decision was inconsistent with the Supreme Court's recent opinion in *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011). On June 25, 2012, the Supreme Court granted Comcast's petition and certified the following question for merits review:

> Whether a district court may certify a class action without resolving whether the plaintiff class has introduced admissible evidence, including expert testimony, to show that the case is susceptible to awarding damages on a class-wide basis.

(Dkt. #516, Ex. A). Comcast's appeal has been scheduled for argument on November 5, 2012, and merits briefing is set to begin on August 17, 2012.

On June 29, 2012, plaintiffs' filed their Motion to Enforce, which is presently pending before this Court.[2]  On June 30, 2012, the June 18, 2012 stay of certain pretrial deadlines expired.[3]  (Dkt. # 513.)  According to the Court's April 30, 2012 scheduling order, pretrial submissions, including pretrial memoranda, proposed voir dire questions, proposed jury instructions, and witness lists are now due no later than July 31, 2012.  (Dkt. # 497.)

## ARGUMENT

### JUDICIAL ECONOMY AND EFFICIENCY REQUIRE A STAY OF ALL PRETRIAL PROCEEDINGS AND VACATUR OF THE SEPTEMBER 5, 2012 TRIAL DATE

A court's authority to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Stadler v. McCulloch*, 882 F. Supp. 1524, 1527 (E.D. Pa. 1995) (internal citations omitted).  The factors courts look to in deciding motions to stay include "whether the proposed stay would prejudice the non moving party, whether the proponent of the stay would suffer a hardship or inequity if forced to proceed and whether granting the stay would further the interest of judicial economy."  *Airgas, Inc. v. Cravath, Swaine & Moore LLP*, No. 10-612, 2010 U.S. Dist. LEXIS 15120, *7 (E.D. Pa. Feb. 22, 2010) (citing *Landis*, 299 U.S. at 254-55); *see also Stadler*, 882 F. Supp. at

---

[2]  The pendency of plaintiffs' Motion to Enforce does not obviate the need for a stay in this case.  The previous stay until June 30 has expired, and if the Motion to Enforce is denied, as Comcast believes it should be, then a new stay to accommodate the Supreme Court's review will be required.  But even if the Court were to grant plaintiffs' Motion, then any settlement that is enforced would preclude a trial, rendering pretrial preparations unnecessary in any event.

[3]  Such deadlines include the time for plaintiffs to respond to Comcast's June 8, 2012 motions to exclude plaintiffs' experts, Dr. Michael A. Williams and Dr. James T. McClave.  Plaintiffs have not yet filed their opposition to those motions.

3

1527 ("Courts must consider the time and effort of counsel and the litigants with a view toward a policy of avoiding piecemeal litigation.")

Courts regularly stay pending litigation in cases such as this involving Supreme Court review of a critical litigation issue. *See, e.g.*, *Conn. Ret. Plans & Trust Funds v. Amgen, Inc.*, No. 09-56965, Dkt. # 72 (9th Cir. Jan. 12, 2012) (staying all proceedings until final disposition by Supreme Court of petition for certiorari on class certification issue); *Dukes v. Wal-Mart Stores, Inc.*, No. 01-2252, Dkt. # 728 (N.D. Cal. Dec. 23, 2010) (staying all proceedings following Supreme Court's grant of certiorari on class certification issue); *Laster v. T-Mobile USA, Inc.*, No. 05-cv-1167, Dkt. # 305 (S.D. Cal. Feb. 1, 2010) (staying all proceedings pending Supreme Court review of arbitration issue following grant of certiorari). To otherwise proceed with litigation under such circumstances would thwart the interest of judicial economy and waste courts' and parties' time and resources, particularly where, as here, the case to be tried pre-Supreme Court appeal very easily could have to be re-litigated and re-tried post-Supreme Court appeal.[4] *Cf. Stadler*, 882 F. Supp. at 1527-28 ("We think it more sensible to await the Third Circuit's decision and proceed accordingly, rather than charging forward, possibly to trial, knowing that we may be compelled to return to this point and begin anew.")

For these same reasons, courts also regularly stay pending litigation in cases where Supreme Court review of a relevant issue in a *different case* could have a significant impact on the matter being stayed. *See, e.g.*, *Burlington v. News Corp.*, No. 09-1908, 2011 U.S. Dist. LEXIS 1988, *5 (E.D. Pa. Jan. 10, 2011) (granting stay of upcoming trial where outcome of

---

[4] According to the SCOTUS blog, more than 70 percent of Supreme Court decisions resulted in reversal during the Court's 2008, 2009, and 2010 Terms. *See* SCOTUSBlog Stat Pack, http://www.scotusblog.com/reference/stat-pack/ (last visited July 25, 2012) (Final StatPacks). A reversal by the Supreme Court on the class certification issue in this case would likely require the class to be de-certified at a minimum.

pending Supreme Court case could necessitate a second trial, which would be "a waste of judicial resources and a waste of the parties' time"); *Schwartz v. Lawyers Title Ins.*, No. 09-841, 2010 U.S. Dist. LEXIS 60623, *20 (E.D. Pa. June 18, 2010) (deeming the "prudent course of action" a stay of proceedings pending resolution of threshold subject matter jurisdiction issue in Pennsylvania Supreme Court); *Freudberg v. Household Int'l, Inc.*, No. 05-1779, 2006 U.S. Dist. LEXIS 24765, *1-2 (E.D. Pa. Feb. 7, 2006) (staying litigation pending Pennsylvania Supreme Court decision in a different case as to whether same arbitration agreement was unconscionable).

This case is aptly suited for a stay pending the Supreme Court's ruling on Comcast's class certification appeal. Granting a stay will further the interest of judicial economy and avoid burdening the Court and the parties with potentially having to "begin anew" and try this case twice, but will not impose any prejudice or hardship on plaintiffs. This is not a case where there is discovery to be taken and a delay risks the loss of hard evidence and witness memory. Nor is this a case where a modest delay following ten years of litigation will have a material impact on the proceedings or where there are exigent circumstances requiring that a trial be held immediately. In short, there is no compelling reason not to grant a stay of proceedings under the circumstances presented here.

## **CONCLUSION**

For the foregoing reasons, Comcast respectfully requests that this Court vacate the September 5, 2012 trial date in the above-captioned matter and stay all proceedings until after the Supreme Court has ruled on Comcast's pending appeal.

> Respectfully submitted,
>
> ____/s/ Darryl J. May____
> Darryl J. May
> BALLARD SPAHR LLP
> 1735 Market Street, 51st Floor
> Philadelphia, Pennsylvania 19103-7599
> Telephone: (215) 665-8500
> Facsimile: (215) 864-8999
>
> Michael P. Carroll
> Arthur J. Burke
> Dana M. Seshens
> DAVIS POLK & WARDWELL LLP
> 450 Lexington Avenue
> New York, New York 10017
> Telephone: (212) 450-4000
> Facsimile: (212) 701-5800
>
> Sheron Korpus
> KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
> 1633 Broadway
> New York, New York 10019
> Telephone: (212) 506-1700
> Facsimile: (212) 506-1800
>
> *Attorneys for Defendants Comcast Corporation, Comcast Holdings Corporation, Comcast Cable Communications, Inc., Comcast Cable Communications Holdings, Inc., and Comcast Cable Holdings, LLC*

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that, on this date, he caused to be served copies of Comcast's Motion to Stay Trial and Pretrial Proceedings by ECF filing.

Dated: July 27, 2012

                                                         /s/ Darryl J. May