# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Stanford Glaberson, et al., | ) | Civil Action No. 03-6604 |
| | ) | |
| Plaintiffs, | ) | The Honorable John R. Padova |
| | ) | |
| v. | ) | |
| | ) | |
| Comcast Corporation, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CLASS PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE A REPLY IN FURTHER SUPPORT OF THEIR MOTION TO STRIKE**

**INTRODUCTION**

Class Plaintiffs oppose Defendants' Motion for Leave to File a Reply in Further Support of Their Motion to Strike. Class Plaintiffs stand upon all of their reasons for denying Comcast's Motion to Strike contained in their memorandum in support of Motion for Certification of Revised Philadelphia Class ("Motion to Certify") and in Class Plaintiffs' Reply Memorandum in Support of Plaintiffs' Motion for Certification of Revised Philadelphia Class and Opposition to Defendants' Motion to Strike. Comcast's attempt to delay resolution of Plaintiffs' Motion to Certify by filing a Motion to Strike focusing on the previously briefed rule of mandate issues rather than on Comcast's "futility" assertion, as requested by the Court, and now seeking an additional 90 days in order to respond to the Motion to Certify, is not consistent with the Court's June 21, 2013 Order or the procedure discussed at the June 19, 2013 status conference and invites months of unnecessary delay.  If the Court denies Comcast's Motion to Strike, Class Plaintiffs propose that a scheduling order be entered in order to expedite the Court's consideration of and ruling upon Class Plaintiffs' Motion to Certify by setting a reasonable briefing schedule and setting a hearing at the Court's earliest available date.

103220

**ARGUMENT**

Class Plaintiffs' position that Comcast should have included in its response not just a motion to strike but its complete substantive opposition to Class Plaintiffs' Motion to Certify is consistent with the Court's June 21, 2013 Order, the transcript of the June 19, 2013 status conference and the Court's overall desire to manage this case efficiently. The process Comcast adopted simply invites further, unnecessary delays.

The Court's June 21, 2013 Order directs that Plaintiffs file their motion to recertify the proposed Philadelphia class by August 19, 2013 and include all supporting expert reports, and that "Defendants shall file a Response to the Motion no later than September 19, 2013" and that Plaintiffs shall file a reply "to the Defendants' Response by October 21, 2013." Order at 1 (ECF No. 554).

At the June 19, 2013 status conference hearing, the Court requested that Comcast address – and concentrate on – the "futility" argument, its argument that Class Plaintiffs' Motion to Certify would purportedly be futile. The Court stated it did not wish to "waste a lot of time on arguing futility if it really requires a factual hearing." June 19, 2013 Status Conf. Tr. at 32:6-7 (ECF No. 556). The exchange between the Court and Comcast's counsel at the status conference hearing included the following:

> THE COURT: My comments only relate to the soundness
> of a futility argument, okay? If there is no support except
> conclusions in the motion for this alternative in Footnote 6
> or if there's no support, well, then of course it's futile to
> allow the motion to go forward.
>
> But if there is support then the motion goes forward
> and we have to have a hearing and determine as a matter of
> fact whether or not there was a plausible showing.
>
> MR. KORPUS: Yes, provided, your Honor, that you
> find that you are not directed by the mandate or you're not
> exercising your discretion to prevent them from filing

>   another–
>
>   THE COURT: I'm past that point. I'm only at the
>   futility – that's right. It may be, it may be that it goes
>   at the first stop, I understand.
>
>   MR. KORPUS: That, I think that's correct, your
>   Honor, but I think that we believe, based on their own
>   allegations and the record in this case, other than just
>   conclusions by Dr. Williams, it would be a very hard showing
>   to make. And you'll be able to tell that from the papers and
>   if not, then you'll tell us.
>
>   THE COURT: Well, the only thing I'm suggesting is
>   that let's not waste a lot of time on arguing futility if it
>   really requires a factual hearing to determine the ultimate
>   fact and that is whether or not there is evidence of
>   commonality.
>
>   MR. KORPUS: We are not proposing as part of a
>   threshold motion to present you with any factual dispute,
>   your Honor.

*Id.* at 31:9-32:12. Class Plaintiffs understood from the Court's comments that Comcast's

"Response" to the Motion to Certify would focus on what the Court directed – the "futility"

issue. That issue necessarily involves Comcast's substantive opposition to the merits of the

Motion to Certify.  And the predicate issue of the Court's jurisdiction to entertain the Motion to

Certify had already been addressed by the parties in their 12-page joint status conference

statement submitted on June 12, 2013.  As the Court observed at the status conference hearing:

>   THE COURT: And I mean the issue of whether or not the
>   motion should be allowed to go forward it seems to me will
>   not take us long to decide. I suspect that I mean we have
>   the heart of each person's position right here in the written
>   submissions. That's why, I mean, you've asked for a
>   significant period of time to file a partial response to the
>   motion, namely a request to dismiss. I'm really not
>   comfortable with that.

*Id*. at 25:15-22. The Court later remarked:

> THE COURT: I mean they raised the issue clearly, there's no dispute here.
>
> MR. HOCKETT: I completely agree, your Honor. The only issue is really just the futility argument which gets a little bit more into the substance. So I think once, once that's teed up, then the issue is if matters proceed, how much time.
>
> THE COURT: That's a good, good point. Let's focus on the futility argument and how, where and when we should address the futility argument.

*Id.* at 26:16-25. From these comments, Class Plaintiffs understood that the Court wished to expedite resolution of the Motion to Certify and avoid "wasting a lot of time on futility" by packaging any motion to dismiss or strike with Comcast's substantive "futility" arguments addressing the merits of Class Plaintiffs' Motion to Certify. That would move the process forward. That is why Class Plaintiffs affirmatively included in their opening memorandum supporting their Motion to Certify additional briefing on the issues of the rule of mandate and this Court's ongoing authority over class certification proceedings under Rule 23(c)(1)(C). And that is why Class Plaintiffs' filed their memorandum in further support of its Motion to Certify and in opposition to Comcast's motion to strike in about half the 30-day time period allowed under the Court's June 21 Order.

Rather than focus the "Response" the Court directed Comcast to file by September 19 on the "futility" issue, Comcast chose to devote 14 pages of its Motion to Strike memorandum to the rule of mandate issue and whether this Court should exercise its Rule 23(c)(1)(C) discretion, and spent a mere 2 ½ pages on the "futility" argument. Class Plaintiffs have fully responded to Comcast's arguments, including its unsupported "futility" assertions. Pls.' Reply (ECF No. 565). Comcast now proposes that if the Court denies its Motion to Strike, it should be allowed an additional 90 days to file additional substantive opposition to Class Plaintiffs' Motion to

4

Certify and to file expert reports in opposition. Comcast's proposal simply invites additional, unwarranted delays.

If the Court denies Comcast's Motion to Strike, Class Plaintiffs respectfully include an alternative [Proposed] Order setting an appropriate briefing schedule for completion of briefing on Class Plaintiffs' Motion to Certify. The [Proposed] Order directs Comcast to submit any further opposition to Class Plaintiffs' Motion to Certify 30 days after any order denying its Motion to Strike. Additionally, the accompanying [Proposed] Order provides 45 days for Class Plaintiffs to submit a reply, together with any rebuttal expert reports, within 45 days of Comcast's opposition. We respectfully point out that Comcast has had almost two months (since the filing of Class Plaintiffs' Motion to Certify), and nearly four months since the submission of the parties' joint status conference statement in which Class Plaintiffs indicated their intent to file their Motion to Certify, to develop their substantive opposition. The accompanying [Proposed] Order would set a date for any needed hearing on Class Plaintiffs' Motion to Certify, which Class Plaintiffs respectfully urge be set at the Court's earliest convenience.

Dated: October 11, 2013            Respectfully submitted,

                                                 s/ *David Woodward*
                                                 Samuel D. Heins
                                                 Vincent J. Esades
                                                 David Woodward
                                                 Jessica N. Servais
                                                 HEINS MILLS & OLSON, P.L.C.
                                                 310 Clifton Avenue
                                                 Minneapolis, MN 55403
                                                 Tel: (612) 338-4605
                                                 Fax: (612) 338-4692

Barry Barnett
Daniel H. Charest
LeElle Krompass
SUSMAN GODFREY L.L.P.
901 Main Street, Suite 5100
Dallas, TX 75202-3775
Tel: (214) 754-1900
Fax: (214) 754-1933

Anthony J. Bolognese (#36937)
Joshua H. Grabar (JHG 1707) (#82525)
BOLOGNESE & ASSOCIATES, LLC
Two Penn Center Plaza
1500 JFK Boulevard, Suite 320
Philadelphia, PA 19102
Tel: (215) 814-6750
Fax: (215) 814-6764

Joseph Goldberg
FREEDMAN BOYD HOLLANDER GOLDBERG
URIAS & WARD, P.A.
200 Third Street NW
Albuquerque, NM 87102
Tel: (505) 842-9960
Fax: (505) 842-0761

**Attorneys for Plaintiffs**